IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02173-REB-BNB

PATRIZIA SPENCER,

Plaintiff,

v.

CUMULUS BROADCASTING, LLC,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement** [Doc. #3, filed 10/19/07] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that this case be DISMISSED in its entirety.

The plaintiff is proceeding *pro se*. Therefore, I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

This action was removed from the Mesa County District Court on October 15, 2007 [Doc. #1]. The Complaint is a form complaint which consists of one page and is titled "Complaint under Simplified Civil Procedure." The Complaint contains only one allegation against the defendant: "Descrimanation [sic], paid less than other directors, usage of my music, share of bonus."

The defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. The plaintiff was ordered to respond to the Motion on or before November 19, 2007 [Doc. #10], but she did not.

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The Alvarado case provides that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The plaintiff does not allege any specific facts, nor does she identify her cause of action. Moreover, although the plaintiff was ordered to respond to the defendant's Motion, she has made no attempt to respond, nor has she attempted to amend her Complaint to clarify her claims.

The allegations of the Complaint are not sufficient to state a claim for relief under Rule 12(b)(6). Accordingly,

I respectfully RECOMMEND that Defendant's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement be GRANTED and that this case be DISMISSED in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge