IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-02173-REB-BNB

PATRIZIA SPENCER,

    Plaintiff,

v.

CUMULUS BROADCASTING, LLC,

    Defendant.

**ORDER GRANTING DEFENDANT'S RENEWED MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**Blackburn, J.**

The matter before me is **Defendant's Renewed Motion To Dismiss or, In the Alternative, for a More Definite Statement** [#17], filed August 12, 2008. I withdraw my prior order of reference With the consent of the magistrate judge, grant the motion, and dismiss this case.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir.

2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[1]

---

[1] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit recently clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

## III. ANALYSIS

Plaintiff originally filed this case in state district court. Her state court complaint consisted of an unsigned, single-page form. The only statement regarding the nature of the claims brought was the single, cryptic allegation: "Discrimination, paid less than other directors, usage of my music, share of bonus." (**See Complaint** [#2], filed October 15, 2007.) Defendant removed the case to this court and filed a motion to dismiss or for a more definite statement. (**See Defendant's Motion To Dismiss or, In the Alternative, Motion for a More Definite Statement** [#3], filed October 19, 2007.) The magistrate judge recommended that the motion be granted because the allegations of the complaint did not state claims on which relief could be granted. (**See Recommendation of United States Magistrate Judge** at 3 [#11], filed June 27, 2008.)

Plaintiff filed an **Objection** to the recommendation [#12], filed July 8, 2008. She attached thereto a copy of a November 5, 2007, statement "To Whom It May Concern." This four-page document set forth facts regarding plaintiff's employment by defendant and claimed that plaintiff had received less salary and fewer benefits than similarly situated male and non-Hispanic colleagues. Based on the factual representations of this statement, I rejected the magistrate judge's recommendation for dismissal. I noted, however, that "the allegations contained in plaintiff's statement are unsworn and not contained within a formally filed pleading." (**Order Rejecting Recommendation of United States Magistrate Judge and Requiring Plaintiff To File a More Definite Statement** at 2 [#13], filed July 11, 2008.) Therefore, I granted defendant's motion for a more definite statement and ordered plaintiff to file an amended complaint. (*Id.* ¶ 3 at

3

2.)  I cautioned plaintiff that "should [she] fail to file such an amended pleading within the above described deadline, this action may be dismissed for failure to state a claim and/or for failure to prosecute without further notice." (**Id**. ¶ 4 at 2.)

Plaintiff sought an open-ended extension of time in which to file an amended complaint.  (**See Motion for Extension of Time To Comply with Judge Blackburn's Order** [#14], filed July 23, 2008.)  I denied this request, noting that plaintiff's "*pro se* status and lack of legal training do not excuse her from setting forth specific facts underlying this suit in a properly filed pleading." (**Order Denying Plaintiff's Motion for Extension of Time To File Amended Complaint** at 1-2 [#15], filed July 25, 2008.)  I again cautioned plaintiff that "if she does not file an amended complaint by August 1, 2008, . . . this action may be dismissed[.]" (**Id.** at 2.)

On July 31, 2008, plaintiff filed a paper entitled "Amended Complaint to Statement dated Monday, November 05, 2007" [#16].  The entirety of that document reads as follows:

> I, Patrizia Spencer, claim that my Civil rights and Equal Opportunity rights as a Woman, a Hispanic, have been violated knowingly or unknowingly by Cumulus Broadcasting, LLC, its officers, members, Supervisors, Managers, etc.  I would like to state that I was obligated to make mention by law that Cumulus Broadcasting, LLC is an Equal Opportunity Employer in announcements.  Cumulus Broadcasting, LLC in this announcement mentions that it honors and respects this federal law of Equal Opportunities.  I claim by witnessing it first hand, they do not.
>
> I am in desperate search of an attorney.  I urge the Court to settle my growing fear and ignorance that I will be allowed a trial where a jury of my peers can hear my testimony against Cumulus Broadcasting, LLC with or without an attorney.  I feared I wouldn't be able to be seen before a Judge or a Jury

> if the Court does not take consideration to not dismiss the
> case in its entirety.

The document is signed, but unsworn. More to the point, it does it set forth any facts to substantiate plaintiff's conclusion that defendant violated her rights as a woman and a Hispanic. Thus, defendant filed the instant motion. Plaintiff has filed no response.

Because plaintiff is proceeding *pro se*, I have construed her pleadings liberally and held them to a less stringent standard than those drafted by lawyers. **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet even given that liberal reading, the amended complaint fails to set forth a single fact suggesting that plaintiff has a viable claim. As I informed plaintiff previously, "[t]he duty to admit or deny factual allegations is not too complex of a duty to require of pro se litigants." (**Order Denying Plaintiff's Motion for Extension of Time To File Amended Complaint** at 2 [#15], filed July 25, 2008) (quoting **Beams v. Norton**, 335 F.Supp.2d 1135, 1140 (D. Kan. 2004)). **See also Hall**, 935 F.2d at 1110 (noting that *pro se* status "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). Plaintiff is in unique possession of the facts that underlie her complaint. She has been given ample opportunity to set forth those facts in a proper pleading, but despite two very clear warnings regarding the likely effect of her failure to do so, she has either been unwilling or unable to do so. Her lack of legal training and unfamiliarity with the rules of procedure do not prevent her from apprising defendant and this court of the factual basis of her claims. Plaintiff's bare conclusions of discrimination are not sufficient to "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Ridge at Red Hawk**, 493 F.3d at 1177 (emphases in original).

Accordingly, her claims must be dismissed.

Although the dismissal is properly without prejudice, it is not entirely clear from the nature of plaintiff's pleadings whether any attempt to reassert the claims might be barred by limitations. ***See Gocolay v. New Mexico Federal Savings & Loan Association***, 968 F.2d 1017, 1021 (10th Cir. 1992) (noting that dismissal without prejudice of claims that would be barred by limitations is in effect a dismissal with prejudice). Therefore, and in an abundance of caution, I will analyze the factors set forth in ***Ehrenhaus v. Reynolds***, 965 F.2d 916 (10th Cir. 1992). These include, but are not limited to, "(1) the degree of actual prejudice to the [injured party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." ***Id.*** at 921 (citations and internal quotation marks omitted).

Plaintiff's failure to file even the most rudimentary form of complaint apprising defendant of what she accuses it of doing undoubtedly has prejudiced its ability to prosecute this case. That defendant may have knowledge of the general nature of plaintiff's claims, through their past employment relationship, a prior EEOC filing, or otherwise, does not cure the prejudice it suffers in resolving this particular litigation. Defendant should not be forced to guess at the precise nature of plaintiff's claims in this lawsuit.

Neither should this court. Plaintiff's failure to submit a proper complaint clearly has impeded the judicial process as well. This case has now been pending more than a

6

year without a proper statement of plaintiff's claims.  The case cannot move forward in its present posture.

Plaintiff has been afforded more than ample opportunity to submit a complaint.  That burden is not onerous and does not require more than a plain, straightforward statement of the facts underlying plaintiff's grievance, as I plainly told plaintiff.  Rather than responding with such a statement, plaintiff continues merely to assert her lack of legal training and make unsubstantiated references to her alleged efforts to secure legal counsel.  Although such responses may not show culpability in the sense of a willful failure to comply with court orders, it does evidence some degree of obstinance in being unwilling or unable to follow the court's plain directives.  More to the point, it does not show a litigant who is ready and willing to pursue her claims, and to that extent, plaintiff is culpable for the continued stagnancy of this matter.

Moreover, as outlined in detail above, plaintiff was twice warned of the potential result of a failure to file a complying document.  The consequences could not have been clearer.  Finally, given plaintiff's continued inability to submit a proper complaint despite ample opportunity and assistance from the court, I must conclude that dismissal of her claims is the only efficacious and just result.

**THEREFORE, IT IS ORDERED** as follows:

1. That with the consent of the magistrate Judge, the prior **Order of Reference** [#18], filed August 12, 2008, is **WITHDRAWN**;

2. That **Defendant's Renewed Motion To Dismiss or, In the Alternative, for a More Definite Statement** [#17], filed August 12, 2008, is **GRANTED** insofar as it seeks

7

a dismissal without prejudice of plaintiff's claims; and

3. That plaintiff's claims against defendant are **DISMISSED WITHOUT PREJUDICE**.

Dated October 24, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**